INHABITANTS OF INDUSTRY *vs.* INHABITANTS OF STARKS.

Franklin, 1872.—August 5, 1875.

*Town. Selectmen. Contract.*

Selectmen have the right to prosecute and defend pauper suits in which their towns are interested, and their written contracts to this end will bind the towns, although not authorized by any special vote.

In a suit between two towns involving the whereabouts of a pauper settlement, a third town interested in the result was permitted to assume the prosecution of the suit under a written contract signed by their selectmen and town agent to indemnify the plaintiffs, and pay the costs in case the defendants prevailed. The defendants prevailed, and the plaintiffs were compelled to pay them their costs. In an action on the contract against the third town; *held,* 1, that the town officers by whom the contract declared on was signed, had authority to make it; 2, that it was not against public policy, nor illegal on the ground of maintenance; 3, that it was not void for want of consideration.

ON FACTS AGREED.

ASSUMPSIT upon a written contract signed by the selectmen and town agent of the defendant town.

One Betsey Nichols fell into distress in the town of Industry, and was there supplied by the overseers of the poor of that town as a pauper. Her legal settlement not being there, but being either in Starks or Anson, and uncertain which, and both of these towns refusing to acknowledge the pauper or pay for the supplies, Industry brought suit against both; whereupon the selectmen and town agents of Starks and Industry, without being authorized by any special vote, contracted in writing that the inhabitants of Starks should assume the pending suit between Industry and

Anson and pay all taxable costs that Anson might be entitled to recover against Industry in case Anson prevailed. Starks assumed the prosecution of the suit, at the March term of this court in 1871, and Anson prevailed, but Starks refused to pay the costs. Thereupon Industry paid the amount of the judgment recovered by Anson, and brought this suit against Starks upon the contract of indemnity.

*S. Belcher*, for the plaintiffs.

*H. Knowlton & H. Belcher*, for the defendants, contended, that the town officers had not authority to make the contract, that it was against public policy, illegal on the ground of maintenance, and void for want of consideration.

WALTON, J. The court is of opinion that the town officers, by whom the contract declared on was signed, had authority to make it; that it was not against public policy, nor illegal on the ground of maintenance ; nor void for want of consideration. . *Goodspeed* v. *Fuller*, 46 Maine, 141.

> *Judgment for plaintiffs for* $198.24,
> *and interest from date of the writ.*

APPLETON, C. J., BARROWS, VIRGIN and PETERS, JJ., concurred.